## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISTEFANO PATENT TRUST III, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LINKEDIN CORPORATION, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DiStefano Patent Trust III, LLC ("DiStefano" or "Plaintiff"), for its Complaint against Defendant LinkedIn Corporation, ("LinkedIn" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.   Plaintiff is a limited liability company organized under the laws of the State of Florida with a place of business at 2910 NW 26th Avenue, Boca Raton, Florida 33434.

3.   Upon information and belief, LinkedIn is a corporation organized and existing under the laws of Delaware, with a place of business at 2029 Stierlin Court, Mountain View, California 94043, and can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.  Upon information and belief, LinkedIn sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that

incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district under 28 U.S.C. §1400(b).  On information and belief, Defendant is incorporated in the State of Delaware.

7.     On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104 because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,768,760

8.     The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9.     On July 1, 2014, U.S. Patent No. 8,768,760 ("the '760 patent"), entitled "Reciprocal Linking Arrangement between Web Pages," was duly and legally issued by the

United States Patent and Trademark Office.  A true and correct copy of the '760 patent is attached as Exhibit 1.

10.     The inventions of the '760 patent resolve technical problems related to a streamlined process for developing web pages and posting those web pages on the internet. For example, the inventions allow parties to establish reciprocal linking arrangements between multiple web pages using only a single web page implementation system, as opposed to prior art processes that required multiple systems to accomplish the same result.

11.     The claims of the '760 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '760 patent recite one or more inventive concepts that are rooted in computerized web design technology, and overcome problems specifically arising in the realm of computerized web design.

12.     The claims of the '760 patent recite an invention that is not merely the routine or conventional use of computer hardware systems or graphical user interfaces.  Instead, the invention applies a streamlined method of employing these tools to establish a reciprocal linking arrangement between web pages with a single web page implementation system.  The '760 patent claims thus specify how to employ such a method to efficiently achieve the desired reciprocal linking arrangement.

13.     The technology claimed in the '760 patent does not preempt all ways of using computer hardware systems or graphical user interfaces to establish reciprocal linking arrangements between web pages, nor does it preempt the use of all reciprocal linking arrangements between web pages, nor does it preempt any other well-known or prior art technology.

14.     Accordingly, each claim of the '760 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15.     Plaintiff is the assignee and owner of the right, title and interest in and to the '760 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1, 4, 5, 8, and 10 of the '760 patent by making, using, selling, importing and/or providing and causing to be used webpage implementation systems configured to establish reciprocal linking arrangements between web pages as described in the claims of the '760 patent (the "Accused Instrumentalities").

17.     In particular, claim 1 of the '760 patent recites a method, within and by a computer hardware system that is configured to serve a first web page associated with a first user and a second web page associated with a second user, comprising: receiving, from a first computer associated with the first user, a first indication to opt into a reciprocal linking arrangement; receiving, from a second computer associated with the second user, a second indication to opt into the reciprocal linking arrangement; establishing, within a database associated with the computer hardware system, the reciprocal linking arrangement based upon both the first and second users opting to participate in the reciprocal linking arrangement; including, within the second web page and based upon the reciprocal linking arrangement, a second functional identification element associated with the first user; and including, within the first web page and based upon the reciprocal linking arrangement, a first functional identification element associated with the second user, wherein the second functional identification element

includes a link to the first web page, and the first functional identification element includes a link to the second web page.

18.      As demonstrated in the exemplary images below, and on information and belief, the Accused Instrumentalities infringe claim 1 of the '760 patent because they comprise a method, within and by a computer hardware system that is configured to serve a first web page associated with a first user and a second web page associated with a second user, comprising: receiving, from a first computer associated with the first user, a first indication to opt into a reciprocal linking arrangement:

A first web page is associated with a first user named "First Entity":



A second web page is associated with a second user named "Second Entity":



Second Entity receives, from First Entity, via First Entity's computer, a first indication to opt into a reciprocal linking agreement. By clicking the icon in red brackets below, Second Entity can view the invitation from First Entity:





By clicking "Accept" above, Second Entity sends First Entity, via Second Entity's computer, a second indication to opt into a reciprocal linking agreement with First Entity, namely an acceptance of First Entity's invitation to connect.

receiving, from a second computer associated with the second user, a second indication to opt

into the reciprocal linking arrangement:

First Entity receives, from Second Entity, via Second Entity's computer, a second indication to opt into a reciprocal linking agreement, namely Second Entity's acceptance of First Entity's invitation to connect. By clicking the icon in red brackets below, First Entity can view Second Entity's acceptance:



establishing, within a database associated with the computer hardware system, the reciprocal

linking arrangement based upon both the first and second users opting to participate in the

reciprocal linking arrangement; including, within the second web page and based upon the

reciprocal linking arrangement, a second functional identification element associated with the

first user:

> The reciprocal linking arrangement is established within Defendant's system, as evidenced on Second Entity's web page by a second functional identification element associated with First Entity, namely an image and a link to First Entity's web page. By clicking "My Network" (shown in red brackets immediately below) then "1" or "See all" (in red brackets two images down), Second Entity can see a second functional identification element associated with First Entity, comprising a link to First Entity's web page and an image:





and including, within the first web page and based upon the reciprocal linking arrangement, a

first functional identification element associated with the second user:

> The reciprocal linking arrangement includes, within First Entity's web page, a
> first functional identification element associated with Second Entity, namely an
> image and a link to Second Entity's web page. By clicking "My Network" (shown
> in red brackets immediately below) then "1" or "See all" (in red brackets two
> images down), First Entity can see a first functional identification element

associated with Second Entity, comprising a link to Second Entity's web page and an image:





wherein the second functional identification element includes a link to the first web page, and the

first functional identification element includes a link to the second web page:

> As shown below, clicking the link to First Entity's web page within the second
> functional identification element takes the user to First Entity's web page:





And clicking the link to Second Entity's web page within the first functional identification element takes the user to Second Entity's web page:





19.     Claim 4 of the '760 patent recites the method of claim 1, further comprising receiving, from a third user, a request for the first web page; and serving, to the third user, the dynamically-generated first web page.

20.     The Accused Instrumentalities infringe claim 4 of the '760 patent because, as demonstrated above, the Accused Instrumentalities infringe claim 1 of the '760 patent, and as demonstrated below, the Accused Instrumentalities comprise the steps of receiving, from a third user, a request for the first web page:

A third user, "Third User," searches for "First Entity" in the search bar on Third User's profile page and a link to First Entity's web page is provided:



and serving, to the third user, the dynamically-generated first web page:

Once Third User clicks the link to First Entity's web page, First Entity's web page is dynamically generated and served to Third User:



21.     Claim 5 of the '760 patent recites the method of claim 1, wherein the first web page includes one or more web pages.

22.     The Accused Instrumentalities infringe claim 5 of the '760 patent because, as demonstrated above, the Accused Instrumentalities infringe claim 1 of the '760 patent, and as demonstrated below, the first web page includes one or more web pages:

> First Entity's web page comprises a profile web page, shown immediately below, and a "My Network" web page, shown two images below:





23.     Claim 8 of the '760 patent recites the method of claim 1, further comprising providing, to the first user, a plurality of recommended web pages associated with the computer hardware system.

24.     The Accused Instrumentalities infringe claim 8 of the '760 patent because, as demonstrated above, the Accused Instrumentalities infringe claim 1 of the '760 patent, and as demonstrated below, recommended web pages associated with the computer hardware system are provided to the first user:



25.     Claim 10 of the '760 patent recites the method of claim 1, wherein the second functional identification element includes an image.

26.     The Accused Instrumentalities infringe claim 10 of the '760 patent because, as demonstrated above, the Accused Instrumentalities infringe claim 1 of the '760 patent, and as demonstrated below, the second functional identification element includes an image:



27.     On information and belief, the Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

28.     Defendant was made aware of the '760 patent and its infringement thereof at least as early as the filing of this Complaint.

29.     Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '760 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '760 patent.

30.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '760 patent and knowledge that its acts were inducing infringement of the '760 patent since at least the date of this Complaint.

31.     Upon information and belief, Defendant is liable as a contributory infringer of the '760 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States instrumentalities especially made or adapted for use in an infringement of the '760 patent. The Accused Instrumentalities are a material component for use in practicing the '760 patent and

are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

32.    Plaintiff has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.    An adjudication that Defendant has infringed the '760 patent;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for  Defendant's past infringement of the '760 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.    An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: December 14, 2017

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*DISTEFANO PATENT TRUST III, LLC*